Matter of Browning v DM Tellock & Assoc., PLLC (2024 NY Slip Op 04737)

Matter of Browning v DM Tellock & Assoc., PLLC

2024 NY Slip Op 04737

Decided on October 01, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 01, 2024

Before: Moulton, J.P., Mendez, Higgitt, O'Neill Levy, Michael, JJ. 

Index No. 652528/23 Appeal No. 2655 Case No. 2023-06426 

[*1]In the Matter of Yvonne Ramirez Browning, Petitioner-Respondent,
v
DM Tellock & Associates, PLLC, Doing Business as DMT & Associates, Respondent-Appellant.

DMT & Associates, PLLC, New York (LeMar Moore of counsel), for appellant.
Hur, Lash & Choe, LLP, New York (Robert L. Lash of counsel), for respondent.

Order, Supreme Court, New York County (Kathleen Waterman-Marshall, J.), entered September 12, 2023, which granted the petition to confirm an arbitration award and denied the cross-motion of respondent DM Tellock & Associates, PLLC (DMT) to vacate the award, unanimously affirmed, without costs.
The Arbitrator did not manifestly disregard the law in finding that DMT breached the parties' 2021 of-counsel agreement (Wien & Malkin LLP v Helmsley-Spear, Inc., 6 NY3d 471, 480 [2006]). DMT does not dispute that it did not pay petitioner under the agreement for the work she did for Wells Fargo between August and October 2021, but asserts that it was not obligated to do so because petitioner breached the agreement when she informed DMT on November 19, 2021 that she would no longer perform under the agreement even though the term ran until December 31, 2021. Under the circumstances presented, however, the Arbitrator could have found that DMT breached the agreement first (see Awards.com v Kinko's, Inc., 42 AD3d 178, 188 [1st Dept 2007], affd 14 NY3d 791 [2010]). Nor does DMT dispute that it chose not to terminate the agreement immediately after petitioner's alleged breach, and given this fact, the Arbitrator could have found that DMT elected to continue performance and then breached by choosing not to pay petitioner (id.).
Similarly, the Arbitrator did not manifestly disregard the law in failing to expressly address DMT's claims of breach of good faith and fraudulent inducement, as the record supports a conclusion that those claims were duplicative of the breach of contract claim (see e.g. Parlux Fragrances, LLC v S. Carter Enters., LLC, 204 AD3d 72, 92 [1st Dept 2022]; Rocanova v Equitable Life Assur. Socy. of U.S., 83 NY2d 603, 614 [1994]; Wien & Malkin LLP, 6 NY3d at 480).
We reject DMT's assertion that the award must be vacated because the Arbitrator noted only that he had "reviewed and considered the written documents" and found, without elaborating, that both DMT and petitioner had breached the agreement. Although the Arbitrator's finding is terse, it provides a sufficient justification to uphold the award, as an award must be upheld if there is "even a barely colorable" justification for the outcome (Wien & Malkin LLP, 6 NY3d at 479-480 [internal quotation marks omitted]; see also Matter of Carte Blanche [Singapore] Pte. Ltd. v Carte Blanche Intern., Ltd., 683 F Supp 945, 951 [SD NY 1988], affd 888 F2d 260 [2d Cir 1989]).
DMT's argument that the Arbitrator denied it certain third-party discovery is unpreserved, as it did not make this argument before Supreme Court (see Recovery Consultants v Shih-Hsieh, 141 AD2d 272, 276 [1st Dept 1988]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 1, 2024